WINFIELD et al. v. RILLING et al.

(Court of Civil Appeals of Texas. Dec. 8, 1910.)

HUSBAND AND WIFE (§ 262*) — COMMUNITY PROPERTY—EVIDENCE AS TO CHARACTER OF PROPERTY.

The presumption that property acquired during the existence of the relation of husband and wife was community property is rebuttable, and may be overcome by a showing that the consideration was from the separate means of one of the spouses.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

Error from District Court, Bowie County; P. A. Turner, Judge.

Action by Mrs. Minerva Winfield and others against Mrs. Estella Rilling and others. From a judgment in favor of defendants, plaintiffs bring error. Affirmed.

Thos. N. Graham and Saner & Saner, for plaintiffs in error. Hart, Mahaffey & Thomas, for defendants in error.

HODGES, J. This suit was instituted by the plaintiffs in error to recover an undivided one-half interest in a block of land situated within the limits of the city of Texarkana, Tex. They claim the property by inheritance from their deceased mother, Mary Moores, who was the first wife of T. B. Moores, also now deceased.

The petition alleges that the plaintiffs in error are the children and only surviving heirs of Mary Moores, and that the lot sued for was the community property of their mother and her husband, T. B. Moores, having been acquired by them during the time they were living together as husband and wife. The defendant in error, Mrs. Estella Rilling, claimed title to all of the property through a deed from T. B. Moores conveying the entire lot to her in consideration of love and affection. We infer from the record that she was the last wife of Moores. The rights of the parties turn upon whether the property was the community property of Moores and his first wife, or his separate property. It was acquired by purchase during the time T. B. Moores and Mary Moores were living together as husband and wife. The conveyance was to Moores, and the recited consideration was $700 cash paid by him. It is conceded that the plaintiffs in error are entitled to recover, unless the evidence was sufficient to show that the lot was purchased with the separate means of T. B. Moores. That question was the only material issue involved. The case was submitted to the court without a jury, and a judgment rendered against the plaintiffs in error.

The contention made on appeal is that the evidence was insufficient to sustain the judgment. The principal evidence relied on to show that the property belonged to the community was the fact that it was purchased during the time that Moores and the mother of plaintiffs in error were husband and wife. It requires no citation of authorities to support the proposition that the presumption of community rights thus created is rebuttable, and may be overcome by a showing that the consideration was from the separate means of one of the spouses. We think the evidence was sufficient in this case to justify the court in finding that this had been done.

There are several assignments attacking various rulings of the court in admitting testimony. But no bills of exception have been incorporated in the record, and we are unable to consider the objections urged in briefs of counsel.

The judgment of the district court is affirmed.